UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANGELO ALLEN, et al.,

    Defendants.
_____/

Case No. 2:16-cr-20392

HONORABLE STEPHEN J. MURPHY, III

## OPINION SUPPORTING ORDER GRANTING THE GOVERNMENT'S MOTION TO ADJOURN [69] AND ORDERING DISCLOSURES

The defendants are three brothers: Jeffrey, Carlos, and Angelo Allen. Each is accused of committing a carjacking on May 16, 2016. Angelo Allen is also accused of discharging a firearm during the commission of the crime. The Allens were all arrested within four days of the alleged carjacking and have been in pretrial custody since that time.

The Court has granted the Government's motion for an adjournment because Angelo was recently appointed a new attorney.[1] The Court set a new trial date for March 14, 2017 and found that the period of January 12, 2017 to March 14, 2017 was excludable delay under the Speedy Trial Act. Order, ECF No. 69. The Court will now justify its Order and also set the deadlines for the Government to disclose the names of its witnesses and its reasons for introducing 404(b) evidence.

## BACKGROUND

The trial date was originally set for July 26, 2016. It was adjourned, through the parties' stipulation, to September 13, 2016. Stip. Order, ECF No. 34. An adjournment to

---

[1] Although Angelo concurred in the Government's motion, Jeffrey and Carlos opposed it. The Court ordered responses and held a hearing on January 6, 2017.

January 10, 2017 followed, due to the pretrial motions of two of the Defendants. ECF No. 52.

Jeffrey and Carlos collectively filed four motions on August 1, 2016. The motions sought to suppress certain evidence and to compel disclosures pursuant to *Brady*. The motions were fully briefed by August 22, 2016 and the Court held a hearing on September 12, 2016. Because the trial was set for the next day, the Court adjourned the trial to January 10, 2017. ECF No. 52. The Court entered an order resolving the motions on September 27, 2016. ECF No. 47.

Angelo then filed a "Request for Appointment of Counsel" on October 19, 2016. ECF No. 53. The Court held a hearing two weeks later, on November 3, 2016. Not., ECF No. 54. At the hearing, Angelo and his attorney explained that Angelo was concerned that his attorney was not taking sufficient action on his behalf — by not filing any prior motions as the other Defendants had done. The attorney explained that she felt that joining the motions was not strategically necessary. Angelo confirmed to the Court that he was now satisfied with his attorney's performance and was willing to continue with her as his representative. The Court therefore found the appointment request moot.

But Angelo continued to have disagreements with his attorney, and filed a motion for her to be withdrawn two weeks later. ECF No. 57. The Court held another hearing on December 1, 2016 and determined that the relationship between Angelo and his attorney was irreparably broken. The Court granted his motion and appointed a new attorney the same day. Order, ECF No. 59. The Court then entered an order finding as excludable delay the period from September 13, 2016 (the old trial date) to January 10, 2017 (the then-current trial date). ECF No. 60.

Two weeks after Angelo Allen was appointed new counsel, the Government, with Angelo's concurrence, sought an adjournment to allow for adequate trial preparation. Mot., ECF No. 61. When the Court learned that Jeffrey and Carlos opposed the motion, it ordered their responses in compliance with the time provided in Local Rule 7.1(e)(2) and set and held a hearing on January 6, 2017 — one week after the responses were due. Order, ECF No. 65.

## DISCUSSION

I. <u>Opinion Supporting Previous Order</u>

The Speedy Trial Act establishes two time periods relevant to the case: a 70-day period and a 90-day period. Pursuant to the Act, a criminal defendant is to be tried within 70 days from the filing date of the indictment or from "the date the defendant has appeared before a judicial officer of the court in which such charge is pending" — whichever is later. 18 U.S.C. § 3161(c)(1). If the criminal defendant is detained pending trial, the trial must commence no later than 90 days following the beginning of his continuous detention. 18 U.S.C. § 3164(a). If the trial is not commenced within the 90 days, the Court must review the conditions of the defendant's release. *Id.* at (c).

There are, however, certain periods of time that are excluded in computing both the 70- and 90-day periods. *See id.* at § 3161(h). One such exclusion is "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." *Id.* at § 3161(h)(1)(D).

The Speedy Trial Act further provides that reasonable periods of delay as to one defendant apply to codefendants when the defendants are joined for trial and no motion for severance has been granted. *Id.* at § 3161(h)(6). In those cases, one Speedy-Trial clock

3

applies to all the defendants, s*ee United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002), and the clock's computation is based on the latest co-defendant. *See United States v. Blackmon*, 874 F.2d 378, 380 (6th Cir. 1989). When a defendant's not-guilty plea follows his indictment and initial appearance, the latter of the indictment or initial appearance starts the clock. *United States v. Tinklenberg*, 579 F.3d 589, 593 (6th Cir. 2009), *aff'd on other grounds*, 563 U.S. 647 (2011).

Here, none of the Defendants have been severed, so one speedy-trial clock applies to all of them. *See United States v. Cope*, 312 F.3d 757, 776 (6th Cir. 2002). All three were indicted on May 31, 2016 and that same day Carlos made his initial appearance — the last Defendant to do so. Thus, the 70-day clock for all Defendants started on May 31, 2016. But because each Defendant was arrested on a different day, their periods of "continuous detention" vary. The Court will therefore address the 70-day clock and the greater portion of the 90-day period common to all Defendants, and then briefly provide for the Defendants' differences under the 90-day clock.

A. The 70-Day Clock

The Court previously found the period of September 13, 2016 to January 10, 2017 to be excludable delay. Jeffrey and Carlos Allen now contest that finding. Upon further consideration, the Court makes the following, more specific findings:

June 28 to September 13, 2016 is excludable per the parties stipulation and pursuant to 18 U.S.C. § 3161(h)(7)(A). *See* ECF No. 34.

September 14 to 27, 2016 is excludable delay under 18 U.S.C. § 3161(h)(1)(D) and (H) because Defendants' motions were under advisement.

4

October 12 to December 1, 2016 is excludable delay under 18 U.S.C. § 3161(h)(7)(A). Although Angelo Allen's first request for a new appointment of counsel was filed on October 19, 2016, it is dated October 12, 2016. Angelo Allen's inability to work with his counsel therefore dates back to at least that date. And although the Court found the request moot, a week later Angelo again asked the Court for a new attorney,[2] which demonstrated that the strife of his representation continued in the interim. Angelo Allen was therefore without meaningful representation until December 1, 2016, when the Court appointed a new attorney. ECF No. 59. In light of all the foregoing analysis, the Court finds that the ends of justice are served by excluding the period of October 12 through December 1, 2016, and that the exclusion outweighs the best interest of the public and the Defendants in a speedy trial.

December 14, 2016 to January 11, 2017 is excludable delay under 18 U.S.C. § 3161(h)(1)(D) and (H) because the Government's motion was pending and under advisement.

And finally, January 12 to March 14, 2017 is excludable delay under 18 U.S.C. § 3161(h)(7)(A). The Court finds that, in light of the concerns about trial preparation and time for plea negotiations expressed by both the Government and Angelo Allen at the hearing and in the Government's motion to adjourn, the Court finds that the ends of justice are served by excluding the period of January 12 to March 14, 2017, and that the exclusion outweighs the best interest of the public and the Defendants in a speedy trial.

---

[2] The filing date is November 17, 2016, but the date of the letter is November 10, 2016. ECF No. 57.

5

Consequently, under the 70-day clock, there have been 53 countable days for all three Defendants.

B.  The 90-Day Clock

All the foregoing excludable periods apply to the 90-day clock. But because the 90-day clock begins at the commencement of continuous detention, each Defendant has additional countable days under that clock during May 19–30, 2016. Pursuant to 18 U.S.C. § 3161(h)(1), two days during that period are excludable as to all Defendants: May 23, 2016 (Jeffrey's detention hearing) and May 26, 2016 (Angelo's detention hearing). Thus, the total countable days for each Defendant under the 90-day clock are as follows: (1) Angelo Allen: 58 days; (2) Carlos Allen: 63 days; (3) Jeffrey Allen: 62 days.

Because the 90-day clock has not run on any of the Defendants, there is no need to revisit the conditions of their releases.

II.   Witness Disclosures and 404(b) Evidence

At the January 6, 2017 motion hearing, Defendants' counsel explained that certain information — witness names and the Government's reasons for introducing 404(b) evidence — had not been forthcoming. The Court noted that the Government would be ordered to disclose that information and does so now.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Court's previous Order Finding Excludable Delay [60] is **VACATED**.

**IT IS FURTHER ORDERED** that, for the reasons stated in this Opinion, the Court finds the following periods are excludable delay under the Speedy Trial Act:

(1) September 14 to September 27, 2016,

(2) October 12 to December 1, 2016, and

(3) December 14, 2016 to March 14, 2017.

**IT IS FURTHER ORDERED** that, for the reasons stated in court and on the record, the Government shall **DISCLOSE** the names of its witnesses no later than **February 21, 2017**.

**IT IS FURTHER ORDERED** that, for the reasons stated in court and on the record, the Government shall **DISCLOSE** the purpose for which it intends to introduce 404(b) evidence at trial no later than **February 6, 2017**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: February 2, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 2, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager